Filed 6/15/15  P. v. Beltran CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B257592 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417801) |
| v. | |
| BRYAN BELTRAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Appeal dismissed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Bryan Beltran seeks to appeal from the judgment entered following his no contest plea to one count of second degree robbery and three counts of attempted grand theft person. Beltran contends he should have been permitted to withdraw his plea before sentence was imposed pursuant to Penal Code section 1018[1] because another person had confessed to the crimes after his plea was entered. We dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Preliminary Hearing*

Alyssa Lorenz testified that at approximately 11:40 p.m. on October 26, 2013 she, Robert Harris, Casey Amberger and Kyle Riach were walking in Pasadena when a man, whom Lorenz identified at the preliminary hearing as Beltran, approached and demanded they surrender their possessions. The man pointed at them what appeared to be a gun hidden under a cloth or a towel. He then grabbed Lorenz's handbag by the strap, which she had looped over her shoulder and across her body. The man pulled the strap down, causing Lorenz to fall to the ground. He continued to pull the strap, while pointing the gun at Lorenz's companions. The man eventually used enough force to pull the handbag from Lorenz's body along with her jacket.[2] The man fled with her handbag and jacket.

Harris also testified and corroborated Lorenz's account of the robbery. He identified Beltran in court as the man who had confronted them and stolen Lorenz's handbag.

2. *The Information*

Beltran was charged in an information filed on November 27, 2013 with one count of second degree robbery (§ 211) and three counts of attempted second degree robbery (§§ 211, 664). Beltran pleaded not guilty.

3. *Beltran's No Contest Plea*

On April 7, 2014, pursuant to a negotiated agreement, Beltran pleaded no contest to one count of second degree robbery and three amended counts of attempted grand theft

---

[1]     Statutory references are to this code.

[2]     Lorenz's handbag contained her cell phone, identification, credit card and cash.

person. As part of the agreement Beltran was to be sentenced to an aggregate state prison term of four years. Before Belton entered his plea, he was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. The trial court and the prosecutor repeatedly confirmed with Belton that he wanted to plead no contest to one count of robbery and the three amended counts of grand theft person in return for a four-year state prison sentence. The prosecutor deferred until the sentencing hearing a motion to dismiss the remaining counts in furtherance of justice. (§ 1385.) Defense counsel joined in the waivers of Belton's constitutional rights and stipulated to a factual basis. The trial court expressly found Belton's waivers, plea and admission were voluntary, knowing and intelligent.

4. *Gamino's Confession; Beltran's Efforts To Withdraw His Plea*

On April 28, 2014 sentencing was continued at defense counsel's request to enable Beltran to move to withdraw his plea pursuant to section 1018. Counsel advised the court that Edward Gamino (who was present at the hearing) and not Beltran, had committed the charged robbery and attempted robberies.

On May 7, 2014 Beltran moved to withdraw his plea, arguing there was good cause because Gamino confessed to having committed the charged offenses after Beltran had entered his plea. Beltran filed a declaration from Gamino in support of the motion in which Gamino explained he had made many mistakes as a drug addict. He came forward and admitted the crimes because he was now a different person and wanted to do the right thing. Gamino described how he had committed the crimes, including his means of escape from the scene.

Gamino was present at the June 13, 2014 motion and sentencing hearing. He neither testified nor was interviewed by the prosecutor. Following argument by counsel, the trial court denied the motion, questioning the credibility of Beltran's and Gamino's identification of Gamino as the perpetrator at this point in the proceedings. Sentencing was continued to July 8, 2014.

3

5. *Sentencing Hearing and Appeal*

The trial court sentenced Beltran in accordance with the plea agreement to an aggregate state prison term of four years:  the middle term of three years for second degree robbery plus four months (one-third the middle term) for each of three counts of attempted grand theft person.  The court awarded Beltran presentence custody credit of 31 days and ordered him to pay statutory fines, fees and assessments.  The remaining counts were dismissed.

Beltran filed a timely notice of appeal and requested a certificate of probable cause, which the trial court denied on July 17, 2014.

## DISCUSSION

A defendant may move to set aside a guilty or no contest plea for good cause at any time before entry of judgment.  (§ 1018.)  A decision to deny a motion to withdraw a plea rests in the sound discretion of the trial court and is final unless the defendant can show a clear abuse of discretion.  (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.)

Beltan challenges the trial court's denial of his section 1018 motion to withdraw his plea as arbitrary and capricious in light of Gamino's confession.  However, because Beltran's claim goes to the validity of the no contest plea itself, it is not cognizable on appeal without a certificate of probable cause under section 1237.5.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679 ["[a] defendant must obtain a certificate of probable cause in order to appeal from the denial of a [section 1018] motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs *after* the guilty plea"]; see § 1237, subd. (a).)  Because Beltran pleaded no contest and failed to obtain a certificate of probable cause, his appeal must be dismissed as inoperative.  (*Johnson,* at p. 676; see *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1099.)  The proper remedy, if any, is by filing a petition for writ of habeas corpus in the superior court.

4

**DISPOSITION**

The appeal is dismissed.


                                        PERLUSS, P. J.


We concur:



    ZELON, J.



    IWASAKI, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.